# Exhibit A

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**CUAUHTEMOC ORTEGA**
*Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*

**ANGELA VIRAMONTES**
*Riverside Branch Chief*
**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**K. ELIZABETH DAHLSTROM**
*Chief, Capital Habeas Unit*

Direct Dial: (213) 894-470

March 3, 2023

**VIA EMAIL**

David P. Kowal
AUSA - Office of US Attorney
OCDETF Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
Email: David.Kowal@usdoj.gov

Re:   *U.S. v. Pena - 2:22-cr-366-GW-2* - **Supplemental Discovery Request**

Dear AUSA Kowal:

As you're aware, the trial in this matter is less than one month away. As of today, we have not received the following:

(1) Identity and Related Discovery of Undercover Agent and Confidential Informant
(2) Expert Notice Under Federal Rule of Criminal Procedure
(3) Notice of Prior Acts Pursuant to 404(b)

We write to specifically request that the Government comply with each of its obligations. If the Government does not provide the requisite discovery and notices by **March 16, 2023**, the defense will be forced to litigate the issue with the Court.

**(1) Identity and Related Discovery of Undercover Agent and Confidential Informant**

The defense request the following discovery under Rule 16, Brady, Bundy,[1] Giglio, Henthorn, Jencks, § 3500 and their progeny:

CHS/UC Discovery:

March 3, 2023
Page 2

1.      Identities of the Confidential Human Source (CHS) and the Undercover Agent (UC). The defense intends to call them at trial.
2.      All text and call records for CHS and UC for the period including at least through 10/1/21 through 02/15/22 relating to Mr. Simon and/or Mr. Pena. All recorded communications between CHS or UC on the one hand, and Mr. Simon or Mr. Pena on the other, including text messages, voicemails, etc.
3.      All information and documents relating to unrecorded calls, meetings, or communications involving CHS or UC on the one hand, and Mr. Simon or Mr. Pena on the other,
4.      Documents reflecting all statements made by the CHS or UC regarding Mr. Pena or this case (including, but not limited to, notes and debriefs).
5.      All text messages between the CHS and handlers relating in any way to benefits, oversight, misconduct, or Mr. Simon or Mr. Pena.
6.      Except as protected by the work-product privilege, all emails, voicemails, text messages, or other communications among members of the prosecution team relating to the CHS, UC, Mr. Simon, or Mr. Pena.
7.      All ATF and LAPD files relating to the CHS.
8.      All information and documents relating to any agreements or understandings, whether formal or informal, between the CHS and state or federal law enforcement.
9.      All information and documents relating to any formal or informal benefits conferred on or promised to the CHS.
10.     All applicable state or federal CHS-handling guidelines.
11.     All instructions to the CHS relating to entrapment.
12.     All instructions to the CHS relating to evidence preservation.
13.     All instructions or guidelines relating to the frequency and circumstances under which the CHS was supposed to communicate with his handlers.
14.     The CHS's initial and continuing suitability assessments.
15.     The CHS's deactivation documents, if any.
16.     All information and documents relating to the CHS's criminal history, including RAP sheets, arrest reports, sentencing and judgment documents, probation or parole records, etc.
17.     All information and documents relating to the CHS's post-activation law- enforcement contacts, regardless of whether the contacts resulted in an arrest, charge, or conviction.
18.     All information and documents relating to any intervention by law enforcement on behalf of the CHS or his family in any administrative, regulatory, criminal, or immigration proceedings.
19.     The name, case number, and jurisdiction of all other proceedings in which
(1) the CHS testified or (2) law enforcement used the CHS to investigate or build a case.
20.     All documents or information suggesting that the CHS has provided inaccurate or misleading information relating to any case, or to any law-enforcement agency, or in any proceeding, including, but not limited to, grand-jury proceedings.
21.     All information, whether documented or not, suggesting in any way that the CHS is dishonest, has been dishonest on specific occasions, or has a dishonest character.
22.     All information, whether documented or not, suggesting in any way that the CHS has entrapped other individuals, including formal or informal claims of entrapment.

March 3, 2023
Page 3

23.	All information, whether documented or not, suggesting in any way that the CHS targeted unlawful immigrants, including, for all investigations involving the CHS, the percentage of targets with and without lawful status in the country.
24.	All information, whether documented or not, suggesting in any way that the CHS was under the influence of alcohol or drugs when he dealt with Mr. Pena, or that he used illegal drugs at any time after being activated as a CHS.
25.	All documents and information relating to the CHS's gang affiliation.
26.	All documents and photos depicting or describing the CHS's tattoos.
27.	All other unrecorded Brady or Giglio information relating to the CHS known to any member of the prosecution team.

**Other discovery**

28.	All outstanding notes and reports relating to the CHS, Mr. Simon, or Mr. Pena.
29.	All warrants or warrant applications relating to the CHS, Mr. Pena, or this case.
30.	All Giglio, Henthorn, and Jencks material for any witness whom the government may call to testify at trial.

**(2) Expert Notice Under Federal Rule of Criminal Procedure**

Pursuant to amendments to Rule 16's expert disclosures, which took effect Dec. 1, 2022, we are requesting expert disclosures pursuant to recently effective FRCP 16 (a)(1)(G)(i) and (iii). The changes apply to pending actions at the time of the rule change unless a court finds their application not feasible or would work an injustice, in which case the former rules apply. 28 USC § 2074 (a).  We are asking for Rule 16 information, including:

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:
•	a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
•	the bases and reasons for them;
•	the witness's qualifications, including a list of all publications authored in the previous 10 years; and
•	a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

(v) Signing the Disclosure. The expert witness must approve and sign the disclosure, unless the government:
•	states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or
•	has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

March 3, 2023
Page 4

Given recent changes in the law, we felt it was important to spell out the Government's obligations for each requested category.

**(3) Notice of Prior Acts Pursuant to 404(b)**

Pursuant to amendments to Federal Rules of Evidence Rule 404(b), the defense requests formal written notice. Due to the changes which took effect on December 1, 2020, the defense felt it was important to identify the Government's heightened obligation.

Rule 404(b) now requires that:

(3)     Notice in a Criminal Case. In a criminal case, the prosecutor must:

(A)     provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B)     articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C)     do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

Notably, amended Rule 404(b) requires that the government provide "reasonable notice of any such evidence" that it intends to introduce under the Rule at trial, and, more importantly, articulate in that same notice the government's purpose and reason for offering the purported 404(b) evidence. The amended Rule's Commentary Note further explains the scope of the government's expanded notice obligation:

The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non- propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose. This amendment makes clear what notice is required. . . .

Notice must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence, unless the court excuses that requirement upon a showing of good cause. See Rules 609(b), 807, and 902(11). Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied—even in cases in which a final determination as to the admissibility of the evidence must await trial. . . .

March 3, 2023
Page 5

*Id.*, Committee Note (emphasis added).

In the instant case, the Government has not provided any notice that it intends to offer evidence pursuant to FRE 404(b).

    I appreciate your prompt provision of discovery and notices.  Unless the Government provides the requisite discovery and notices by **March 16, 2023**, the defense intends to litigate the matters with the Court.

                                           Sincerely,

                                           /s/
                                           Craig A. Harbaugh
                                           Deputy Federal Public Defender