# EXHIBIT 10



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*David Kowal*  
*Phone: (213) 894-5136*  
*E-mail: david.kowal@usdoj.gov*

*1300 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California 90012*

May 2, 2023

<u>**VIA EMAIL**</u>

Jeremy Ian Lessem  
Lessem Newstat and Tooson LLP  
3450 Cahuenga Boulevard W., Suite 102  
Los Angeles, CA 90068  
  **Email: Jeremy@LNlegal.com**

Fermin Vargas, Craig Harbaugh  
Deputy Federal Public Defenders  
321 East 2nd St.  
Los Angeles, CA 90012  
  **Emails: craig_harbaugh@fd.org / fermin_vargas@fd.org**

Re:   <u>United States v. Simon & Pena</u>, et al.,  
         CR No. 22-366-GW

Dear Counsel:

Concurrently with the filing of the government's opposition to defendant Pena's motion regarding expert witness and Rule 404(b) evidence, the government is providing the attached expert witness designation and signed Fed. R. Crim. Pro. 16 disclosure for ATF Firearms Enforcement Officer Rondal Bleigh. As you will see in his report, FEO Bleigh has made a determination, and will testify, that the Glock pistol from the October 7, 2021 deal referenced in the indictment, including count three, is a "machine gun" under federal law, and items from the January 5, 2022 deal, and counts four through seven are "firearms" and "silencers." Please note that these opinions are substantially the same as those in two prior AFT expert reports provided to you in the government's first discovery production at Bates USAO 100-120 and USAO 121-136. Because the experts who issued those earlier reports are unavailable for trial, the government had the itmes re-examined by FEO Bleigh. I note that this disclosure does not include a list of cases in which FEO Bleigh has testified in the last four years. I am working on getting that information and supplementing this disclosure.

Please let me know if you have any questions or concerns.

Jeremy Ian Lessem / DFPDs Vargas & Harbaugh
RE: US v. Simon, 22-366-GW, Discovery Ltr.
May 2, 2023
Page 2

Very truly yours,


/s/

DAVID KOWAL
Assistant United States Attorney

cc:  Jennifer Chou, AUSA

Enclosures (expert report and attachments, 38 pages)

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Firearms Technology Criminal Branch**
**Report of Technical Examination**

|  |  |
|---|---|
|  | 244 Needy Road #1600<br>Martinsburg, WV 25405<br><br>Phone: 304-616-4300<br>Fax: 304-616-4301 |
| **To:**<br>Special Agent Timothy Holden<br>Bureau of Alcohol, Tobacco, Firearms and Explosives<br>888 S Figueroa Street<br>Suite 1750<br>Los Angeles, CA 90017 | **UI#:** 784015-21-0042<br><br>**RE:** SIMON, Ellourth Eladio aka "Negro"<br><br>**FTCB#:** 2023-702-RRB 325918 |
| **Date Exhibits Received:** 04/14/2023<br><br>**Delivered By:** FedEx 7718 3425 3516 | **Type of Examination Requested:**<br><br>Examination, Test, Classification |

### Exhibits:

1. Glock, model 17, 9x19mm caliber firearm, serial number RSS507 (suspected machinegun) and accompanying magazine.
2. Machinegun conversion device
74. Metal cylindrical device, no manufacturer's marks, or serial numbers (suspected silencer).
76. Metal cylindrical device, no manufacturer's marks, or serial numbers (suspected silencer).

### Pertinent Authority:

Title 28 of the United States Code (U.S.C.) provides the Bureau of Alcohol, Tobacco Firearms and Explosives (ATF) the authority to investigate criminal and regulatory violations of Federal firearms law at the direction of the Attorney General. Under the corresponding Federal regulation at 28 C.F.R. 0.130 the Attorney General provides ATF with the authority to investigate, administer, and enforce the laws related to firearms, in relevant part, under 18 U.S.C. Chapter 44 (Gun Control Act) and 26 U.S.C. Chapter 53 (National Firearms Act). Pursuant to the aforementioned statutory and regulatory authority, the ATF Firearms and Ammunition Technology Division (FATD) provides expert technical support on firearms and ammunition to federal, state and local law enforcement agencies regarding the Gun Control Act and the National Firearms Act.

The Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "**firearm**" as follows: "...*(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.*"

In addition, the GCA defines the terms "**firearm silencer**" and "**firearm muffler**" to mean: "*...any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.*" (See 18 U.S.C. § 921(a)(25).)

Special Agent Timothy Holden

784015-21-0042
2023-702-RRB
Page 2

Also, the GCA defines the term "**machinegun**" as: *"...has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))."* (See 18 U.S.C. § 921(a)(24).)

The National Firearms Act (NFA), 26 U.S.C. § 5845(a), defines the term "**firearm**" as: *"...(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 iches in length (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined, as defined in subsection (e);* **(6) a machinegun;** *(7)* **any silencer (as defined in 18 U.S.C. § 921)**; *and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the...[Attorney General]...finds by reason of the date of its manufacture, value, design and other characteristics is primarily a collector's item and is not likely to be used as a weapon."*

Also, the NFA 26 U.S.C. § 5845(b) defines "**machinegun**" as: *"...<u>any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger</u>. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or <u>combination of parts designed and intended, for use in converting a weapon into a machinegun</u>, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."*

Further, the NFA, 26 U.S.C. § 5842, "**Identification of firearms**," states: *"... (a) Identification of firearms other than destructive devices. - Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the ...[Attorney General]... may by regulations prescribe. (b) Firearms without serial number. - Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the ... [Attorney General]... and any other information the...[latter]... may by regulations prescribe."*

**Background:**

ATF has a long history of looking at the design features of a particular item when determining whether an item is a "firearm silencer" under Federal law, including whether it has design features of a part designed to be used in a "firearm silencer."

The law encompasses any combination of parts designed or redesigned and intended for use in assembling or fabricating a firearm silencer or muffler. Moreover, the statute does not limit the definition of silencer to "a device that silences, muffles, or diminishes." *United States v. Syverson*, 90 F.3d 227,232 (7th Cir. 1996).

Similarly, in *United States v. Carter* 465 F.3d 658 (6th Cir.2006), the Sixth Circuit Court of Appeals found that the statute did not require that a silencer actually diminish the report of a firearm, noting that the "language of the statute focuses on the intended application of a silencer, not its actual demonstrated operation." Congress

ATF Form   3311.2
Revised September 2014

Special Agent Timothy Holden

784015-21-0042
2023-702-RRB
Page 3

did not use such wording as "capable of silencing" or "that silences." The word choice of Congress indicates a concern for the purpose of the mechanism and the parts thereof, not the function.

As background, there are three audible elements attributable to a firearm in operation, the report (muzzle blast), the sound of the bullet in flight, and the sound of the firearm action. Firearm silencers are designed to reduce only one of these elements, the report. The report of a firearm is mostly the consequence of superheated, high-pressure propellant gases being rapidly released into the atmosphere.

Simplistic silencers typically consist of **end-caps** attached to each end of a hollow **outer tube**, which forms an "**expansion chamber**" within. The end-caps will each have a hole in the center to allow a bullet, followed by propellant gases, to pass through. The resulting device, when attached to a firearm barrel's muzzle, allows the hot propellant gases exiting the barrel to expand and cool prior to being slowly released into the atmosphere. Additional components may serve to aid or enhance silencing, muffling, or diminishing the report of a portable firearm, by further reducing the speed, pressure, temperature, or rate of release of the propellant gases.

Typically, these additional components may include:

- **Baffles or washers which create separate expansion chambers**
- Ported inner sleeve or tube (bleed holes)
- Sound dampening material such as foam, steel wool, and other substances
- Wipes
- Monolithic baffle core (one piece design)

The concept of an "**expansion chamb**er" or "blast chamber" is frequently encountered in firearm silencers. Generally, an expansion chamber/blast chamber is located to be proximal to the mounting point of the firearm silencer (sound suppressor) to the barrel. Simplistic silencers typically consist of end-caps attached to each end of a hollow tube, which forms an "expansion chamber" (also referenced as a "blast chamber") within. The end-caps will each have a hole in the center to allow a bullet, followed by propellant gases, to pass through exiting the barrel to expand and cool prior to being slowly released into the open atmosphere which generally causes a reduction in the sound pressure level.

"**Baffles**" in firearm silencers are designed to slow, create turbulence in, or redirect the flow of hot propellant gases. Baffles can be used to segregate a large expansion chamber to create multiple, smaller expansion chambers of various sizes by stacking several baffles together or by using spacers between baffles.

### Findings:

**Exhibit 1** is a Glock, model 17, 9x19mm caliber firearm, serial number RSS507, originally manufactured as a semiautomatic pistol by Glock, GmbH, in Austria and subsequently imported by Glock, Inc., Smyrna, Georgia.

During my examination, I observed the following external markings on Exhibit 1:

On the forward, underside area of the frame
- **RSS507** *[serial number]*

Special Agent Timothy Holden

784015-21-0042
2023-702-RRB
Page 4

On the right side of the frame
- **MADE IN AUSTRIA**
- **GLOCK, INC., SMYRNA, GA**

On the left side of the frame
- [GLOCK logo]

On the left side of the slide
- [GLOCK logo]
- **17**
- **AUSTRIA**
- **9x19**

On the right side of the slide
- [GLOCK logo]
- **RSS507**

On the top of the chamber:
- **9x19**
- [GLOCK logo]

On the right side of chamber
- **RSS507**

Exhibit 1 was received with a Machinegun Conversion Device installed at the rear of the slide. This conversion device is hereby referenced as **Exhibit 2.**

Further, my examination revealed that the top, rear area of the frame is modified by removing material to facilitate unrestricted travel of the conversion device metal leg.

Function testing demonstrated that Exhibit 1 with Exhibit 2 installed functioned as a semiautomatic.

**Exhibit 2** is a conversion device commonly referred to as a *Glock Switch*. It is a device designed and intended to convert a semiautomatic, Glock-type pistol into a machinegun (similar to U.S. Patent 5,705,763) by utilizing an extended "leg" to push the trigger bar down and out of engagement with the firing pin as the slide closes, releasing the partially retracted firing pin to travel forward and fire a cartridge. When the trigger is depressed, this device enables a Glock pistol to shoot automatically more than one shot, without manual reloading, by a single function of the trigger (see attached patent).

The housing of the Exhibit has already been filed, and flashing removed, to fit inside a Glock-type pistol. While examining Exhibit 2 on Exhibit 1, I noticed that the "leg" was broken and missing, rendering the device

Special Agent Timothy Holden

784015-21-0042
2023-702-RRB
Page 5

unusable. Pieces of the leg remained inside of the body, but the main portion of the leg was broken off and missing.

Exhibit 2 is currently incapable of converting a weapon into a machinegun. However, inoperable and broken, conversion devices are repairable. These devices remain machineguns, and firearms, as defined, and are subject to regulation under the purview of the NFA.

During my examination, I observed the following external markings on Exhibit 2:

*Note: Although Exhibit 2 bears a counterfeit Glock logo and is designed for use with a Glock pistol, neither Glock GmbH of Austria, nor Glock, Inc. in Smyrna, Georgia, have ever manufactured such a device.*

Rear side of housing:

- [lock logo]
- Made in AUSTRIA

Exhibit 2 is repairable by replacing the broken "leg". Exhibit 2, being a combination of parts designed and intended for use in converting a weapon into a machinegun. Therefore, Exhibit 2 is a "**machinegun**" as defined.

I test-fired Exhibit 1 with the Exhibit 2 device installed, on April 14, 2023, at the ATF test range, in Martinsburg, West Virginia, using commercially available, Federal brand, 9x19mm caliber ammunition and the included magazine. I inserted the magazine with one round of ammunition, chambered the round, and pulled the trigger. Exhibit 1, with the Exhibit 2 conversion device installed, successfully expelled a projectile by the action of an explosive.

Next, I inserted the magazine with two rounds of ammunition, chambered the first round, and pulled the trigger. Exhibit 1, with the Exhibit 2 conversion device installed fired one round of ammunition by the single function of the trigger. I repeated this method of test-fire one additional time achieving the same result.

Finally, I inserted the magazine with five rounds of ammunition, chambered the first round, and pulled the trigger. Exhibit 1, with the Exhibit 2 conversion device installed fired one round by a single function of the trigger. I repeated this method of test-fire two additional times achieving the same result.

Exhibit 1, with the Exhibit 2 conversion device installed, did not fire automatically during test-firing.

**Exhibit 74** is a cylindrical device of unknown origin bearing no visible markings. The Exhibit is silver in color, constructed of a non-ferrous metal, approximately 8 inches long, and has an outside diameter of approximately 1-1/2 inches.

**Exhibit 74** contains no markings of identification or serial number.

My examination revealed the Exhibit contains an **outer tube**, **spacer**, **cone-type baffles, and front and rear end-caps**. The parts appear to be conventional firearm silencer or firearm muffler parts.

ATF Form   3311.2
Revised September 2014

Special Agent Timothy Holden

784015-21-0042
2023-702-RRB
Page 6

The disassembled parts consisted of an **outer tube, front and rear end-caps**, a **spacer**, and eight **cone-type baffles**. When the baffles are stacked in line with each other, it is referred to as a "baffle stack". The baffles, when installed together, along with the spacer, create nine expansion chambers. The end-caps each contain a centrally located hole and external threads which correspond with the internal threads of the outer tube. Finally, the rear end-cap's centrally located hole is internally threaded, at 1/2x28 TPI, allowing for the device to be attached to a firearm's threaded barrel.

These features and characteristics are consistent with those of a firearm silencer and are designed to aid in capturing, cooling, diverting, diffusing, and slowing the hot gases created by burning propellant powder. Exhibit 74 contains the design features of a firearm silencer or firearm muffler. Exhibit 74 is a device for silencing, muffling, or diminishing the report of a portable firearm; therefore, it is a **"firearm silencer"** as defined.

To demonstrate this, I conducted sound comparison testing. I utilized reference firearm #4876, a Tactical Solutions, Model Pac-Lite, .22 caliber semiautomatic pistol from the ATF National Firearms Collection (NFC), serial number TS-03552, with and without Exhibit 74 attached. I conducted the sound-comparison testing at the ATF test range in Martinsburg, West Virginia, on April 19, 2023, using commercially available, CCI brand, .22 LR caliber ammunition. I conducted this test in the presence of a Bruel & Kjaer, Nexus Acoustic Conditioner Amplifier, calibrated precision sound-level meter, and recorded the results.

I followed the standard operating procedures established by ATF for conducting the testing. During this procedure, a pre and post self-test calibration verification procedure was automatically conducted. The instrument passed both the pre and post self-test calibration verifications. The results of the testing are as follows:

| | | |
|---|---|---|
| NFC Pac-Lite without Exhibit 74 attached | (5-shot average) | 155.90 decibels |
| NFC Pac-Lite with Exhibit 74 attached | (5-shot average) | 136.12 decibels |

The average sound reduction recorded was 19.78 decibels. The test results establish that Exhibit 74 is capable of diminishing the sound report of a portable firearm.

Exhibit 74 bears no manufacturer's marks of identification or serial number.

**Exhibit 76** is a cylindrical device of unknown origin bearing no visible markings. The Exhibit is silver in color, constructed of a non-ferrous metal, approximately 8 inches long, and has an outside diameter of approximately 1-1/2 inches.

**Exhibit 76** contains no markings of identification or serial number.

My examination revealed the Exhibit contains an **outer tube, spacer, cone-type baffles, and front and rear end-caps**. The parts appear to be conventional firearm silencer or firearm muffler parts.

The disassembled parts consisted of an **outer tube, front and rear end-caps**, a **spacer**, and eight **cone-type baffles**. When the baffles are stacked in line with each other, it is referred to as a "baffle stack". The baffles,

ATF Form    3311.2
Revised September 2014

Special Agent Timothy Holden

784015-21-0042
2023-702-RRB
Page 7

when installed together, along with the spacer, create nine expansion chambers. The end-caps each contain a centrally located hole and external threads which correspond with the internal threads of the outer tube. Finally, the rear end-cap's centrally located hole is internally threaded, at 1/2x28 TPI, allowing for the device to be attached to a firearm's threaded barrel.

These features and characteristics are consistent with those of a firearm silencer and are designed to aid in capturing, cooling, diverting, diffusing, and slowing the hot gases created by burning propellant powder. Exhibit 76 contains the design features of a firearm silencer or firearm muffler. Exhibit 76 is a device for silencing, muffling, or diminishing the report of a portable firearm; therefore, it is a "**firearm silencer**" as defined.

To demonstrate this, I conducted sound comparison testing. I utilized reference firearm #4876, a Tactical Solutions, Model Pac-Lite, .22 caliber semiautomatic pistol from the ATF National Firearms Collection (NFC), serial number TS-03552, with and without Exhibit 76 attached. I conducted the sound-comparison testing at the ATF test range in Martinsburg, West Virginia, on April 19, 2023, using commercially available, CCI brand, .22 LR caliber ammunition. I conducted this test in the presence of a Bruel & Kjaer, Nexus Acoustic Conditioner Amplifier, calibrated precision sound-level meter, and recorded the results.

I followed the standard operating procedures established by ATF for conducting the testing. During this procedure, a pre and post self-test calibration verification procedure was automatically conducted. The instrument passed both the pre and post self-test calibration verifications. The results of the testing are as follows:

| | | |
|---|---|---|
| NFC Pac-Lite without Exhibit 76 attached | (5-shot average) | 150.58 decibels |
| NFC Pac-Lite with Exhibit 76 attached | (5-shot average) | 131.97 decibels |

The average sound reduction recorded was 18.61 decibels. The test results establish that Exhibit 76 is capable of diminishing the sound report of a portable firearm.

Exhibit 76 bears no manufacturer's marks of identification or serial number.

### Conclusions:

**Exhibit 1** is a weapon which will expel a projectile by the action of an explosive and incorporates the frame of such a weapon; therefore, it is a "**firearm**" as defined in 18 U.S.C. § 921(a)(3)(A) & (B).

**Exhibit 2**, in and of itself, is a combination of parts designed and intended, for use in converting a weapon into a machinegun; therefore, it is a "**machinegun**" as defined in 26 U.S.C. § 5845(b).

Being a machinegun, **Exhibit 2** is also a "**firearm**" as defined in 26 U.S.C. § 5845(a)(6).

**Exhibit 2** bears no NFA manufacturers marks of identification or serial number as required by 26 U.S.C. § 5842.

**Exhibit 74 and 76** are each a device for silencing, muffling, or diminishing the report of a portable firearm;